Thank you, your honors. Frank Sparrow, appearing for petitioner, if it pleases the court. There's clearly two discrete issues in this case, and unless the panel feels otherwise, I'd like to address the aggravated felony first. Sure. Now, in terms of my initial filing, I freely concede there is abundance of case law that's clearly against me, in the sense that a misdemeanor under state law can still be construed as an aggravated felony under immigration law. I was trying to argue that those cases all look at the immigration statute as opposed to looking at the federal statute, which under California law of misdemeanor can never be more than one year. And under federal law, the lowest federal felony is one year and a day, more than one year. Is there any dispute that the actual sentence in this case was 365 days? None whatsoever. All right. None whatsoever. And so I was, you know, arguing that under plain reading of the law, for something to be aggravated, it has to be over and above what is a minimum felony. And indeed, under federal law, a felony cannot be exactly one year. It has to be one year, you know, that's 18 U.S.C. 3559A5. So I was sort of asking for a modification of existing law. Now, I sent a couple of 28-J letters. There's been a change in the California legislature which says all misdemeanors, all sentences that are one year are now construed to be 364. The question is, is that retroactive? And I guess the bigger question is whether or not this Court can construe a California statute when there really hasn't been any law on it. I did submit addendum to the 28-J letter where I had a Superior Court judge who did, in fact, that. It was a 1992 case, and they said this sentence is 364 days pursuant to Penal Code 18.5, effective date January 1st of this year. So my one argument would be that it would certainly call for a remand to address that issue, and by then, presumably, the California courts will have addressed whether or not Penal Code 18.5 is retroactive. I mean, I researched it, and there's no law on it. There's one case that addressed it, but it was completely in a posit because the petitioner had a felony, so it certainly could not be a misdemeanor. So that's sort of the state of my argument in terms of the aggravated felony. Roberts. Which is the case you want us to rely on? Well, it's a statute, Penal Code 18.5. Oh, okay. Yeah. That basically says, starting effective date January 1st of this year, all misdemeanors and all sentences that are one year are construed to be 364. The legislature obviously had immigration in mind. Mr. Sprouls, I'm having difficulty following you. Perhaps if you got in front of the microphone, it would be better for me. I'm glad it was orally rather than intellectually. Let's see if I understand what you're saying. Are you saying that we should not take the definition of aggravated felony as being a felony which has a term of one year because this is a misdemeanor under California law? Is that correct? That's argument number one. But we don't have any cases that say that. We don't, and that's why I had to freely concede. Let's go to Plan B. Plan B is the new statute, California Penal Code 18.5. That's Senate Bill 1310? I don't know what the Senate bill is. Is that the one that says the misdemeanor can't be more than 364 days? Yeah, 1310. It's 18.5 Penal Code. Right. And, again, that's where the question is, is that retroactive? Now, obviously, the presumption of criminal statutes is they're not retroactive, but not when they're ameliorative and beneficial, right? The ex post facto clause is clearly to prevent, you know, the unconstitutional precept of somebody being convicted of a crime. Do you want us to apply 18.5 retroactively? Retroactively. Do you have any cases that say that we should? Well, yes. I mean, I quoted the Tapia v. Superior Court that makes that precise distinction, that ameliorative. Yeah, but which case? I was in my 28-J letter. Yeah. Which one of the cases? There were several in your letter. Durbin, Ramirez. Tapia v. Superior Court, 53 Cal 3rd, 282. Which? What's the name of the case? Tapia v. Superior Court. Oh, Tapia. Here it is. I see it. 53 Cal 3rd. Now, there's a lot of other issues in that case, but it does say that the presumption against the retroactive application of criminal statutes does not apply when it's an ameliorative beneficial statute. Right? We don't like to, you know, somebody being convicted of something that wasn't a crime when they did it at the time. So this is different. So that's a correct statement of California law. Is that binding on this as a matter of Federal law? That's the big question. Well, what's your position in law? I would argue that the Court certainly can, because, I mean, obviously, that's the case. Are we arguing we should apply this ameliorative statute retroactively because? Because the statute itself is not punitive, it's ameliorative. The presumption against the retroactive application of criminal statutes doesn't apply in this case. And then I would argue the rule of lenity in this case. Clearly, California had immigration in mind. And this is a clearly ameliorative statute. And under the rule of lenity, I think you should find that, in fact, it is a, should be applied retroactively. Well, the rule of lenity only applies when there's an ambiguous or vague statute to apply. Here it's not ambiguous. We either apply it retroactively or we don't. Right? Well, but I mean, the ambiguity. Do you have any authority to say, maybe not in this circuit, but maybe in other statutes, which benefits you, should be applied in this way? Well, I mean, I have California cases. I have the recently mentioned Toppy case. I guess I didn't make myself clear. Do you have any further arguments? No. Okay. As a rule, there aren't too many statutes that are all that ameliorative. But, and I guess the other, and I don't know if this is procedurally. I mean, I'm preparing a motion in the Compton Superior Court to have the Superior Court declare the sentence 364 days. So that would be a possibility of holding this in abeyance while I file that motion. Well, even if you prevailed on that, there were other grounds to deny relief, weren't there? Right. But not the NACARA. Well, I guess that's true. The NACARA, the. Wouldn't your client be disqualified from any relief because of the persecutor bar? That's the other issue in this case, of course. Okay. And I don't see where that finding and holding is defective. Well, actually, but for the NACARA, the criminal washout provision, I'm not sure the persecutor bar applies to that. It applies to asylum and withholding. So that's another, that's, you know, those are separate forms of relief. I mean, the NACARA application was denied because he's an aggravated felon. The asylum withholding was denied because of the persecutor of others. I mean, that's the IJNBA finding. Right. They deny the NACARA because he's an aggravated felon, and you're statutorily precluded from that. But if he's a persecutor, it also predominates or denies his applications for asylum cancellation of removal and withholding of removal. Right. Not the Nicaraguan and Central American Act. And NACARA is different than cancellation. Yes. Right. And there's no, it doesn't, I don't believe there's a specific persecutor bar for the NACARA. No. Obviously, the other issue here is that we claim he's not a persecutor. So if we did have 364 days, that would open up other relief. I'm having trouble understanding you, sir. Again, orally or intellectually? Why don't you pull the mic a little closer to you? I'm having trouble, too. There you go. Why, if the persecuted bar bars him from NACARA, why does it not bar him also from asylum cancellation of removal and withholding of removal? Oh, no. It absolutely bars him from asylum withholding and cancellation of removal. I don't think it's applicable to the NACARA statute. It doesn't bar him from NACARA. NACARA, right. That's what you're saying. What does he have to get to get NACARA relief? Assuming there were no bar, what would he have to show? Well, he has to physically present on 1990, have applied for asylum before that date, and not be an aggravated felon. In 10 years to get asylum, he would have to show he was persecuted. Well, no, the elements of the NACARA is just that to be eligible, you have to have applied before a specific date. Applied for what? For asylum withholding. Okay. Stop right there. Let's talk with asylum. To get to apply for asylum, you have to show you were persecuted. The elements of eligibility is just to say you applied. It doesn't look at the merits. To be eligible for NACARA. I'm not making myself clear. Let's assume he can get in under NACARA. Okay. He wants asylum under NACARA. No, it's not. No, that's completely separate. NACARA is only. That's why I'm asking you. What does he have to show to get NACARA relief? Oh, he has to show, you know, extreme hardship to himself or other family members, and he has to be a person of good moral character. Now, if he's not an aggravated felon, 10 years have to have passed from the commission of the Act, so he would have that. Right? NACARA has nothing to do with asylum. Okay. You kept saying asylum under NACARA. I don't think I was, but I didn't mean to. You mean cancellation of removal under NACARA, right? Well, no. Cancellation of removal is 240a)(b). That's completely separate from NACARA. NACARA is kind of a subset. It's a type of cancellation. What relief do you get under NACARA? You get a green card. You get residency. Oh, you get adjustment of status. Yeah. Right. And so he would, you know, because he does have this crime, there's a separate set of NACARA for people who have distant convictions. What you're saying is that simply being a persecutor does not bar him from NACARA relief. Give me a case that says that. The statute is silent as to that. And so are the cases. Right. You know, asylum is part of the statute. It's a preclusive section. You can't get cancellation. You can't get asylum. You can't get withholding. Paul, what do you base your contention that a persecutor is not barred from NACARA relief? The statute is, I believe, silent on that. You know what I mean? Statutes have preclusive sections. In expressio unis, you know, that famous Latin phrase, the exclusion of something that presumes that Congress intended it. Counsel, you may want to reserve the rest of your time for your rebuttal. Obviously, the persecutor of others is problematic for me. I grant you that. Very well. We'll hear from the government. Thank you. Good morning. Alison Igo from the Department of Justice representing the Attorney General. 8 U.S.C. Section 1231B3BI bars anyone otherwise eligible from NACARA who has persecuted others from that relief. So Mr. Prieto-Hernandez, even if he could prove eligibility for NACARA, which Could you give me that citation again? 8 U.S.C. Section 1231B3BI. And he would have to show that he had been physically present in the United States for a period of 7 years, that his removal would cause extreme hardship to him or to his parents, a spouse or child who is a United States citizen or lawful permanent resident. He would also have to show that he was a person of good moral character. If he showed that, he would still be barred if he were a persecutor, if he had been shown to be a persecutor of others. So he is barred, because I believe that the evidence in this case indicated and that's all it has to indicate. Kennedy, I think the issue is he goes is that you disagree with your learned friend. You think the statute is not silent. You think the statute has a provision which bars NACARA relief for a persecutor. I think the statute very clearly bars persecutors from NACARA relief. Now he was a driver and I guess the evidence is that he knew he was driving these people to a location where they would be tortured, is that the essence of the fact? In his application, he clearly stated that he knew, that he turned people over, that they would then disappear and that they were tortured. And then he changed his testimony. The immigration judge found him to be not credible and he did not challenge that credibility determination. In fact, there's no issue about his asylum eligibility because he was found not to be eligible for asylum on the merits of his application. He was found not to be eligible because he was not credible. So his asylum eligibility and his application for protection under the Convention Against Torture are not even before the court because he didn't challenge those in his brief and he didn't challenge them before the court. So those are the issues. We do have the issue of the aggravated felony, however, do we not? And we also have the issue of the aggravated felony. And I'd like to point out to the court that there is a California, the 18.5, the California Penal Code 18.5, that has an effective date of January 1, 2015. Mr. Prieto-Hernandez went to the California court and he filed a writ of quorum nobis habeas corpus. He asked the court to reduce his sentence to 364 days and to declare his conviction a misdemeanor. They refused to reduce his sentence. I'm sorry. He asked them to vacate his plea and to reduce his sentence. They did not vacate his plea. They did not reduce his sentence. They did declare his. Roberts. Was there any rationality, rationale given? There's nothing that I could find in the record for rationale, but they did, they refused those two requests. But they did declare. I'm sorry, Counsel. I was pretty sympathetic to the government's view on the retroactivity until I heard about TAPIA. What's your response to TAPIA? I will get to that. If I could just make one point. Sure. There is California Penal Code section 3 that is entitled, and I handed that up to the court. I did file a 28J. I referred to it and I handed it up to the court this morning, the actual statute. It's titled not retroactive and it states no part of it is retroactive unless expressly so declared. Nothing in 18.5 states that it should be retroactive. So therefore, 18.5 is not retroactive because nothing in it states that it is retroactive. Well, we have the TAPIA case. Yes. And there's some interesting reasoning there which Mr. Sproul's has brought to our attention. Yes. And he filed something on Monday in response to. I actually filed TAPIA. The common law states that the rule of common law is that when there's an outright repeal of a statute without a savings clause that you can't prosecute anything that was committed before the repeal. And there is, there are exceptions for ameliorative, it's a difficult word, statute, ameliorative statutes or for mitigating sentences. However, that is where the case that I've handed up is Sect v. Justices Court of San Rafael Township and I've given the court copies of that case. That is where. For some reason, counsel, it's not your fault, but those materials have not arrived in front of us. We're not, we haven't seen them yet. I think they're in the conference room. They may be in the conference room. Okay. But that is where, in cases where the conviction is not final. And the cases in which my colleague has referred, the convictions or the cases are not final. In this case, Mr. Prieto Hernandez's case is final. He filed for a writ of quorum nobis habeas corpus. I mean, his case has been final since 2009. I mean, it would require this, if this were true, you know, if this, if this, and in fact, we have a statute, a California statute that says that statutes are not retroactive. I mean, it addresses that particular situation, that they're not retroactive unless we say so. Was that statute, you're talking about Section 3 of the Penal Code? That statute? This is, yes, this is. All right. Was that statute in effect at the time the Supreme Court of California decided Tapia? I don't know. Tapia is an old case. I'm not sure when. Well, what strikes me in the Tapia case. It was enacted 1872, so I'm assuming. Well, it strikes me. Tapia is an older case. What strikes me in the Tapia case is this passage, among others. Although we usually presume that new statutes are intended to operate prospectively, that presumption is not a straitjacket. And in this particular case, they gave it retroactive effect, did they not? Yes, but I believe in that case it was not final. And the difference in Mr. Prieto-Hernandez's case is that his conviction was final and he went through post-conviction proceedings which were final. I mean, if this Court were to give effect to this statute in this case, it would require it to reopen every single State conviction and give immigration effect to every single State conviction in which somebody had a burglary conviction that was treated as an aggravated felony. Do I understand correctly that the prosecutor bar will dispose of all of his claims and it makes him eligible for everything? Is that right? In this particular case, it does. Yes. But he's also ineligible because he doesn't have – he's not eligible on the merits of his – of his – we didn't – the Immigration Court did not get to the merits of his NACARA claim because it pre-terminated that claim. What I'm getting at is could we decide the case and say because of the finding that the prosecutor bar applies all relief, he's not entitled to any relief, we don't have to get into anything else? You don't have to – you do not have to address his criminal conviction because he is not. Is your answer yes? Yes. Then start that way. Yes. I apologize. That seems like the easy way out if you're right about that. I am right about that. In fact, to addressing the prosecutor bar, if the evidence indicates that the prosecutor bar applies, the Petitioner has to show by a preponderance of the evidence that it does not apply, and in this case he has not done that. He said that – I'd like to just – pardon me while I just look at – he said that the immigration judge relied solely on his membership in this group, where what the immigration judge relied on was his adverse credibility, the fact that he tried to back away from statements that he made, the fact that he actually admitted that he knew the people that he drove and handed over to his superior were being disappeared, that they were being tortured, that he knew what was going on. And there are multiple cases in this circuit that that is enough that somebody assisted in persecution when they have been drivers and turned people over, abortion cases out of China, where they have been drivers and turned people over, you know, for abortions or for torture, that they have assisted in persecution. And he did nothing to rebut that evidence, and that's more than sufficient. And he didn't even address the credibility issue in this case. So, yes, you – I mean, that disposes of his asylum claim, which he did not. It disposes of all the forms of relief he was seeking. It disposes of all the forms of relief. Anything further, counsel? Nothing further. Thank you very much. Very well. Mr. Sprouls, you have some reserved time. Very briefly, Your Honors. Mr. Sprouls, can I ask you a question? We know that where a California criminal defendant makes a motion to withdraw his plea and it's granted under 1234.1 of the PC, right? 1234.4. The conviction is withdrawn for purposes of California, but it's not effective as far as the Federal immigration law is concerned. Sure. Why doesn't the same rule apply here as to 18.5 PC? Well, because, Your Honor, I know you toiled in the vineyards of 850 Bryant for many years. Penal Code 17 is a very specific section, right, where you reduce a felony to a misdemeanor. And that's – there's nothing, you know, rehabilitative about that. So that means if the full faith and credit is always given to a conviction in California, that's reduced to a misdemeanor. So that's my position, and whether or not it can be retroactively applied a la Tapia. But let me make one caveat and a deep apology. I don't know if it's too cold. The persecutor of other bar applies in the car as well. So I have to address the persecutor of other issue. I was – So, Mr. Fusago is correct that if the persecutor bar is valid, your guy is out of luck on every score, right? I was looking at the car section for non-criminals, and I apologize. So I would like to address that. I mean, the IJ really focused on his role as a driver and then referred to his prior asylum applications that were – that he abjured. He stated that they were not true. Page 152 on 155. The things he said on – he says the things he said in the asylum application were not true. On the asylum applications themselves. And the IJ found that his – He made reference to that. And the IJ found that his later recantation was not true. Was not true, but again – Okay. Now, why isn't that finding supported by substantial evidence? Well, I think, number one, if you look at – you know, she certainly believed – I believe you were a driver, and that was his argument. And in all the other asylum applications, he never mentioned being a driver, right? I mean, they make no reference to that. You know, the only reference that he did something wrong is this grammatical gnarling phrase. I had been mistreated by this members, but I also had mistreats and tortures some of them. Now, that's it, right? And so when he went before the IJ, his argument was, I just drove, I heard rumors, I heard whispers that things were going on, I emphasized, I never knew who was in the  car. I mean, I think – so we have the, you know, Federico cases where it's a continuum of conduct. And so, you know, the Miranda-Alvarez case, he was a translator while people were, you know, being administered electric shocks. It's much closer to the M case, 497, 3rd, 990, where he was a prison guard. And the panel said, this is tangential to the persecution. And that's what a driver is. I mean, he was specific through his testimony before the IJ. That's all I did. I never knew who was in the car. And she didn't believe him. Even because – You know, you have to convince us that her disbelief is clearly erroneous. Well, again, because it's the – she didn't believe him because of the alleged inconsistencies of the prior asylum applications. It's not an alleged inconsistency. It was inconsistent. Well, complete inconsistencies. But he stated, you know, I'm sorry, Your Honor, but basically the notario made this stuff up. He said it. And, again, it was inconsistent with his current testimony, which he believed that he was a driver. So for some reason he leaves out being a driver in the prior asylum applications. She believes he was a driver of the testimony, and yet she finds that inconsistent. I mean, that's not particularly logical. And the other reason is, you know, there's a classic canon in asylum law that, you know, the alleged difference undercut the claim, right? I mean, by saying that you're possibly a persecutor of others, that inconsistency shouldn't be used against you in asylum claim because it actually undercuts your claim, right? When the inconsistency buttresses your claim, that clearly is a negative factor. So I mean, I think the problem here, my learned partner could have done a better job of, you know, trying to rebut the prior asylum applications. I mean, it's not unusual for these notarios to sort of make things up out of whole cloth. But he certainly abjured his testimony. He abjured his prior asylum applications on the record, and I think that should be sufficient for a remand. Thank you, counsel. The case just argued will be submitted for decision.
judges: O'scannlain, Silverman, Bea